UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CIARA GATER OBO J.G., | Case No. 17-cv-12375 |
| Plaintiff, | |
| v. | UNITED STATES DISTRICT COURT JUDGE GERSHWIN A. DRAIN |
| NANCY A. BERRYHILL, | UNITED STATES MAGISTRATE JUDGE ELIZABETH A. STAFFORD |
| Defendant. | |

**ORDER REJECTING REPORT AND RECOMMENDATION [5] AS MOOT**

On July 24, 2017, Ciara Gater ("Plaintiff"), proceeding on behalf of J.G., initiated this action pursuant to 42 U.S.C. §§ 1381(a) and 1382(a). Dkt. No. 1. Plaintiff challenges the final decision of Defendant Commissioner of Social Security ("Commissioner") denying J.G.'s application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Dkt. No. 1.

The matter was referred to Magistrate Judge Elizabeth A. Stafford on July 24, 2017. Dkt. No. 4. On July 26, 2017, Magistrate Judge Stafford recommended denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff wrote "n/a" in some of the required fields and left others completely blank. *See* Dkt. No. 2. Plaintiff did not attach any documents demonstrating financial need. Plaintiff objected on August 9, 2017. Dkt. No. 6. That same day, Plaintiff refiled a completed application for fee waiver, Dkt. No. 7, which Magistrate Judge Stafford

granted, Dkt. No. 8. However, the July 26th Report and Recommendation has been left pending, requiring the Court to render a decision upon it.

For the reasons stated herein, the Magistrate Judge's recommendation is rejected as moot.

## I. STANDARD OF REVIEW

### A. Report and Recommendation

When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015) (citing 28 U.S.C. § 636(b)(1)).

Overly broad objections do not satisfy the objections requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived").

### B. *In Forma Pauperis* Application

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . .without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If an application to proceed *in forma pauperis* is filed along with an affidavit that states what the plaintiff's assets are and that the plaintiff is unable to pay the filing fee, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Once the complaint has been filed, the Court examines it to consider whether it is frivolous or fails to state a claim upon which relief can be granted. *See id*.

### II. DISCUSSION

Magistrate Judge Stafford recommended denying Plaintiff's application to proceed *in forma pauperis* on July 26, 2017. Dkt. No. 5. Magistrate Judge Stafford found that Ciara Gater's application for *in forma pauperis* status did not provide

adequate information about the party's financial resources to entitle a waiver of filing fees. *Id.* at 2–3. Upon the resubmission of an application with information sufficient to answer the required questions, Magistrate Judge Stafford granted Plaintiff's new application and rendered her Report and Recommendation moot. *See* Dkt. Nos. 5–8. The Court will accordingly reject it.

Although the Court need no longer weigh the issues addressed in the Report and Recommendation, the Court does find it necessary to address an ongoing problem. Since January 2016, Plaintiff's counsel, Wesley Lamey, has filed numerous facially deficient applications to proceed *in forma pauperis* before the Court. *See, e.g.*, *Taylor v. Colvin*, No. 16-cv-10239 (E.D. Mich. Jan. 26, 2016) (Steeh, J.) (requiring Plaintiff supplement an incomplete IFP application); *Harrier v. Colvin*, No. 16-cv-11456 (E.D. Mich. April 22, 2016) (Murphy, J.) (requiring Plaintiff supplement an incomplete IFP application); *Pettit v Colvin*, No. 16-cv-12811 (E.D. Mich. Aug. 3, 2016) (Lawson, J.) (requiring Plaintiff supplement an incomplete IFP application); *Cheney v. Colvin*, No. 16-cv-12950 (E.D. Mich. Aug. 16, 2016) (Murphy, J.) (ordering Plaintiff to show cause after leaving all questions regarding property, monthly expenses, debts, and dependents unanswered); *McDonald v. Colvin*, No. 16-cv-14015 (E.D. Mich. Nov. 14, 2016) (Hood, J.) (ordering Plaintiff to show cause after leaving all questions regarding property, monthly expenses, debts, and dependents unanswered); *Fletson v. Colvin*, No. 16-

cv-14034 (E.D. Mich. Nov. 16, 2016) (Michelson, J.) (ordering Plaintiff to show cause after leaving all questions regarding property, monthly expenses, debts, and dependents unanswered); *Brown v. Berryhill*, No. 17-cv-11577 (E.D. Mich. May 24, 2017) (Drain, J.) (recommending an IFP application be denied where it stated in its entirety, "claimant deceased"); *Gater v. Berryhill*, No. 17-cv-12375 (E.D. Mich. July 26, 2017) (Drain, J.) (present case). Judging from these applications, it is unclear if Lamey even views the applications before filing them on the docket. Lamey corrects these errors only when ordered by the Court, wasting valuable judicial resources in the process. *See id.* Moreover, other pleadings filed by Lamey demonstrate a lackadaisical attempt to comply with Local Rules. *See* Dkt. No. 1 (failing to comply with E.D. Mich. LR 5.1(a)(2)–(3)).

Sanctions under Rule 11 of the Federal Rules of Civil Procedure may be imposed for "objectively unreasonable" conduct in litigation or where an individual makes a claim without a reasonable basis. *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014). "Under 28 U.S.C. § 1927, sanctions may be imposed against an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Id.* Should Lamey continue to file papers without making a reasonable inquiry into whether such papers omit material facts or comply with Local Rules, he may be subject to sanctions. *See id.*; E.D. Mich. LR 11.1

## III. CONCLUSION

Accordingly, the Court hereby **REJECTS** Magistrate Judge Stafford's Report and Recommendation [5] as moot.

**IT IS SO ORDERED.**

Dated: August 10, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge